Eliza J. Hester, *et al.*, Appellants, v. Maria J. Sample, *et al.*

**Deed not set Aside:** EVIDENCE. Parents of sound mind, in the absence of undue influence, may deed their property to some of their children to the exclusion of others, though there was no money consideration for the conveyance, and the grantors reserved the right of possession during their lives.

*Appeal from Harrison District Court.*—Hon. Frank R. Gaynor, Judge.

Tuesday, May 28, 1895.

This is a suit in equity to set aside certain conveyances of real estate. There was a decree for the defendants, and plaintiffs appeal.—*Affirmed.*

*S. H. Cochran* for appellants.

*L. R. Bolter & Sons* for appellees.

Rothrock, J.—E. A. Sample was the owner of several tracts of land. Maria J. Sample, one of the defendants, was his wife. He was a soldier in the war of the Rebellion, and died at the age of sixty-eight years, while at Indianapolis, Ind., attending a soldiers' reunion, in the year 1893. His wife was with him when he died. Their home was in Harrison county, in this state. They had eight children. In December, 1888, they united in conveyances of four tracts of their land to each of four of their children, and in December, 1890, they conveyed the remainder of their real estate to another child. These deeds included all of the real estate owned by E. A. Sample. After his death, the other children, three in number, brought this suit to set aside the deeds. They alleged several grounds for

setting aside the deeds,—such as a want of consideration, and that the grantor might, if he divested himself of his real estate, derive benefits from the soldiers' home, and that he was in fear of lawsuits and trouble by reason of being surety on a certain bond, and that he had a verbal agreement with each of his grantees that the deeds were merely voluntary, and were to become void at the death of his grantor. It is further averred that the deeds were not conveyances, but leases, and that the grantor was of weak mind, and was unduly influenced by the grantees to make the deeds. The plaintiffs made their mother a party defendant to the action. We are unable to understand why the facts as to when these deeds were made were not truly stated in the petition. It is therein averred that they were executed about two years prior to the death of the grantor. Four of them were executed on the third day of December, 1888, nearly five years before the grantor died. He was then about sixty-three years old, and there is no evidence that he was of weak mind. There is no showing that he was unduly influenced by the grantees, or by any other person. It is true, the evidence shows the deeds were voluntary, and without a money consideration; but they were conveyances by parent to child, and no valuable consideration was necessary to their validity. They were not leases, but warranty deeds, with a reservation of the right of possession in the grantors during their lives. In short, they were just such a disposition of property as a parent might lawfully make to his children. And a parent has the legal right to dispose of his property, and to make such a disposition thereof as he may see fit and proper. In the absence of fraud, undue influence, or mental incapacity, courts have no authority to set aside such conveyances. We will not repeat the testimony of the witnesses, except part of that of the mother of these children. It is as follows:

"My age is 58.    I am the widow of E. A. Sample, deceased.   We lived together as man and wife a little over forty years.   Q.   Some evidence has been introduced, and you have heard the evidence, to the effect that you and Mr. Sample made these deeds in question in order that he might avoid litigation with one Brown and Richardson.    A.    That is all a lie.    I do not care who said it.    There is not a bit of truth in it. We deeded them because our children were obedient and good children, and stayed at home, and was obedient to us; and the others had been bad, and tried to put their own father in the penitentiary.    I refer to Mr. and Mrs. Hester.    Charles Sample was about fifteen years old when he left home.    He would go off and stay until he would get out of clothes, and then come home, and then go away again after we had clothed him up.    As to the other children, Sarah stayed at home until she was twenty-one, and worked, and was an obedient child.    William stayed at home until he was twenty-one.    Elmer stayed until he was twenty-three.    And my little girl who is at home is not fifteen.    We deeded the little girl the home forty, that came from money derived from my father's estate. We deeded twenty acres to Mrs. Parker.    She and her husband took possession of the land, and made valuable improvements on it.    They were to give us rent while either of us lived.    The little girl at home was not to pay any rent."    The case demands no further consideration, and the decree of the district court is *affirmed*.